| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DARCEL JONES, §
§
      Plaintiff, §
§
*versus* §   CIVIL ACTION NO. 1:06-CV-616
§
ACE AMERICAN INSURANCE §
COMPANY, ESIS, INC., and LINDA §
ALSBROOK, §
§
      Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Darcel Jones's ("Jones") Motion for Remand (#5). Jones seeks remand to state court of this action for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"), as well as for breach of the duty of good faith and fair dealing, against Defendants ACE American Insurance Company ("ACE"), ESIS, Inc. ("ESIS"), and Linda Alsbrook ("Alsbrook") (collectively, "Defendants"). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

I.    Background

On July 3, 2004, Plaintiff Jones, a bus driver for Greyhound Lines, Inc., injured her lower back while assisting passengers with loading luggage onto a Greyhound bus. Jones and her supervisor subsequently completed an occupational injury report on August 2, 2004, and Jones filed a claim for workers' compensation benefits. According to Plaintiff, Defendants failed to investigate her claim properly and wrongfully delayed payment for nearly two years. On June 1, 2006, the parties resolved Jones's claim for benefits in a binding determination before the Texas

Department of Insurance, Division of Workers' Compensation. In a Benefit Dispute Agreement, the parties agreed that Jones had suffered a compensable injury and that she was deemed disabled from August 3, 2004, through the present.

On August 25, 2006, Jones filed her original petition in the 60th Judicial District Court of Jefferson County, Texas, alleging that Defendants' improper denial of workers' compensation benefits resulted in severe economic hardship as well as physical harm due to delayed medical treatment. Specifically, Jones asserts that Defendants violated the Texas Insurance Code and the DTPA. Additionally, Jones requests damages for breach of the duty of good faith and fair dealing against Defendant ACE. It is undisputed that Plaintiff Jones is a citizen and resident of the State of Texas. Defendants ACE and ESIS are foreign corporations and, therefore, are not considered citizens and residents of the State of Texas. Defendant Alsbrook, however, is a citizen and resident of the State of Texas.

On October 5, 2006, Defendants removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendants assert that because Alsbrook was fraudulently joined as a defendant to defeat diversity, her citizenship should be ignored for jurisdictional purposes. On October 13, 2006, Plaintiff filed the instant motion to remand, contending that Alsbrook was properly joined, and, therefore, because complete diversity does not exist among the parties, federal jurisdiction is lacking.

II.  Analysis

"Federal courts are courts of limited jurisdiction." *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004); *accord*

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 741 (5th Cir. 1999); *Bobo v. Christus Health*, 359 F. Supp. 2d 552, 554 (E.D. Tex. 2005). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, ___ U.S. ___, ___, 126 S. Ct. 1854, 1861 n.3 (2006); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone*, 416 F.3d at 388; *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Howery*, 243 F.3d at 919; *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp.*

3

*Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank*, 128 F.3d at 922; *see* 28 U.S.C. § 1441(a). Because removal raises significant federalism concerns, the removal statutes must be strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002); *Manguno*, 276 F.3d at 723; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000); *Frank*, 128 F.3d at 922.

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, ___, 126 S. Ct. 606, 613 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, ___, 125 S. Ct. 2611, 2617 (2005); *McDonal*, 408 F.3d at 181; *Howery*, 243 F.3d at 914-15; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000); *Moore v. Powers*, 279 F. Supp. 2d 821, 824 (E.D. Tex. 2003). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723; *Howery*, 243 F.3d at 916; *Gebbia v. Wal-*

*Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  In cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 126 S. Ct. at 613; *Exxon Mobil Corp.*, 125 S. Ct. at 2617; *Caterpillar Inc.*, 519 U.S. at 68; *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir.), *cert. denied*, 534 U.S. 997 (2001); *Gebbia*, 233 F.3d at 882.  Complete diversity requires that no plaintiff be a citizen of the same state as any defendant.  *See Exxon Mobil Corp.*, 125 S. Ct. at 2617; *Caterpillar Inc.*, 519 U.S. at 68; *Heritage Bank*, 250 F.3d at 323; *Howery*, 243 F.3d at 920.  Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants are citizens of the state in which the action was brought.  *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 126 S. Ct. at 613; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 126 S. Ct. 2945 (2006); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988); *Dollar v. General Motors Corp.*, 814 F. Supp. 538, 543 (E.D. Tex. 1993).

In the case at bar, although there is no dispute that Plaintiff Jones and Defendants ACE and ESIS are citizens of different states and that more than $75,000.00 is at issue, complete diversity is lacking because Defendant Alsbrook is a citizen of Texas.  Therefore, to establish the existence of diversity jurisdiction, Defendants must show that Alsbrook was improperly joined.  *See Guillory*, 434 F.3d at 307-08; *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 224-25 (5th Cir. 2005), *cert. denied*, 127 S. Ct. 48 (2006); *Heritage Bank*, 250 F.3d at 323; *Hart*, 199 F.3d at 246; *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510

U.S. 868 (1993). "The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *accord Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006); *Guillory*, 434 F.3d at 308-09; *McDonal*, 408 F.3d at 183; *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The Fifth Circuit has held that there is no difference between the terms "improper joinder" and "fraudulent joinder" in the context of removal jurisdiction. *See Smallwood*, 385 F.3d at 571 n.1. "The removing party has the burden of establishing improper joinder by showing:  Plaintiff['s] inability to establish a claim under state law against the non-diverse defendant; or actual fraud in pleading jurisdictional facts." *Melder*, 404 F.3d at 330; *accord Smallwood*, 385 F.3d at 573.

A determination of fraudulent joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini*, 44 F.3d at 264; *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994). Where the defendant maintains that federal jurisdiction is proper, the court must evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in

favor of the nonremoving party. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003), *cert. denied*, 126 S. Ct. 335 (2005); *Travis*, 326 F.3d at 649; *Great Plains Trust Co.*, 313 F.3d at 312; *Hart*, 199 F.3d at 246; *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998). Furthermore, the "'court must normally assume all the facts as set forth by the plaintiff to be true.'" *Burden*, 60 F.3d at 217 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)). While a court when considering allegations of fraudulent joinder should refrain from pre-trying the case or conducting an evidentiary hearing, it may utilize a summary judgment-type procedure "that allows it to pierce the pleadings and examine affidavits and deposition testimony for evidence of fraud or the possibility that the plaintiff can state a claim under state law against a nondiverse defendant." *Great Plains Trust Co.*, 313 F.3d at 311; *accord Guillory*, 434 F.3d at 309-10; *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004); *Travis*, 326 F.3d at 648-49; *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000), *cert. denied*, 532 U.S. 972 (2001); *Hart*, 199 F.3d at 246-47; *Griggs*, 181 F.3d at 700. "Post-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs*, 181 F.3d at 700 (citing *Cavallini*, 44 F.3d at 263).

      In the instant case, because Defendants do not claim actual fraud in Jones's recitation of jurisdictional facts, they must demonstrate that there is no possibility that Jones could establish a cause of action against Alsbrook. *See Larroquette*, 466 F.3d at 374; *Holder*, 444 F.3d at 387; *Guillory*, 434 F.3d at 308; *Melder*, 404 F.3d at 330; *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 648; *Great Plains Trust Co.*, 313 F.3d at 312; *Hart*, 199 F.3d at 246; *Griggs*, 181 F.3d

at 699; *Rodriguez*, 120 F.3d at 591. "In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez*, 120 F.3d at 591; *see Guillory*, 434 F.3d at 308-09; *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *Burden*, 60 F.3d at 216. "'If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.'" *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)); *accord Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 43 (5th Cir. 1992). "This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co.*, 313 F.3d at 312 (citing *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)); *accord Boone*, 416 F.3d at 388; *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004); *Travis*, 326 F.3d at 648. "'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder,'" and the case must be remanded for lack of diversity. *Great Plains Trust Co.*, 313 F.3d at 312 (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan*, 989 F.2d at 816)); *see Gray*, 390 F.3d at 402; *Smallwood*, 385 F.3d at 589-90; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751.

In assessing whether a plaintiff could possibly establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought—in this case, Texas. *See Travis*, 326 F.3d at 647; *Hart*, 199 F.3d at 247. "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701; *see Burden*, 60 F.3d

at 218-21. Here, in her state court petition, Jones seeks damages against Alsbrook for violations of the Texas Insurance Code and the DPTA. Sections 541.060 and 541.061 of the Texas Insurance Code set forth an extensive list of acts and practices proscribed as unfair or deceptive in the business of insurance. *See* TEX. INS. CODE ANN. §§ 541.060-.061 (Vernon 2006). The Insurance Code permits a private cause of action against "another person" who commits one of the enumerated acts or practices. *See id.* at § 541.151. The Texas Supreme Court has held that this statutory language is broad enough to permit a cause of action against an insurance agent, employee, or other representative who engages in unfair or deceptive acts or practices. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486-87 (Tex. 1998) (holding that agent could be held liable for misrepresenting the amount of premium due under a policy); *see also Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 384-85 (Tex. 2000).

Additionally, the Insurance Code explicitly provides that an "adjuster" is included under the definition of "person." *See* TEX. INS. CODE ANN. § 541.002(2). Hence, "an insurance adjuster, much like an insurance agent, can be subject to suit under [§ 541.151]." *Vargas v. State Farms Lloyds*, 216 F. Supp. 2d 643, 648 (S.D. Tex. 2002); *accord Hornbuckle*, 385 F.3d at 544 n.9; *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 846 (S.D. Tex. 2001). "Although the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims." *Vargas*, 216 F. Supp. 2d at 648. Moreover, "an insurance adjuster's duties cannot properly be classified as merely clerical or janitorial," as excepted from potential liability under the Insurance Code by the Texas Supreme Court. *Id.*; *see Garrison Contractors, Inc.*, 966 S.W.2d at 486.

Although insurance adjusters, as a general rule, are subject to liability under the Insurance Code, it must be determined whether Alsbrook, specifically, was a person engaged in the business of insurance with respect to Jones's claims. *See Vargas*, 216 F. Supp. 2d at 648-49. Defendants argue that Alsbrook was not engaged in the business of insurance because she "merely undertook the investigation and adjusted Plaintiff's claim." In particular, they focus on the fact that Alsbrook did not solicit the policy, receive any premiums, or provide policy comparisons to Jones. This type of conduct, however, is not the sole means of engaging in the business of insurance under Texas law. *See id.* at 648. Alsbrook admits in her affidavit that she was the claims representative responsible for adjusting Jones's claim. Furthermore, the initial denial letter sent to Jones lists Alsbrook as the adjuster and the person to contact in the event that Jones disagreed with the denial of benefits. "This fact, standing alone, is sufficient to raise a reasonable inference that [Alsbrook] either directed or contributed to the decision to deny [Jones's] claim." *Id.* at 649. Resolving all factual disputes in Jones's favor, the court finds sufficient evidence that Alsbrook was a person engaged in the business of insurance with respect to Jones's claims.

The court's next inquiry is whether Jones's pleadings allege actionable facts specific to Alsbrook. *See Griggs*, 181 F.3d at 699. In her state court petition, Jones alleges that Alsbrook, along with ACE and ESIS, failed to investigate properly Jones's injuries and, without reasonable basis, continued to deny timely payment of insurance benefits. Specifically, Jones asserts that Defendants, including Alsbrook, committed the following unfair insurance practices:

A.   Failing to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear;

B.   Failing to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim;

  C. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

  D. Misrepresenting the insurance policy under which it affords workers' compensation coverage by making an untrue statement of material fact;

  E. Misrepresenting the insurance policy under which it affords workers' compensation coverage by failing to state a material fact that is necessary to make other statements made not misleading;

  F. Misrepresenting the insurance policy under which it affords workers' compensation coverage by making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter as required by law to be disclosed; and

  G. Knowingly committing the above acts with actual knowledge of their falsity, unfairness, or deception.

With regard to misrepresentations concerning the insurance policy, Defendants have met their burden of establishing that there is no reasonable possibility Alsbrook could be found liable. Alsbrook submitted an undisputed affidavit stating that, while she adjusted Jones's claim, her job duties did not include soliciting insurance policy sales or explaining policy terms. Moreover, Jones has alleged no facts suggesting that Alsbrook made any representations regarding the policy or that Jones suffered an injury due to misrepresentations by Alsbrook. Therefore, Jones does not allege actionable facts specific to Alsbrook for unfair insurance practices related to misrepresentations about the policy.

With regard to Jones's remaining allegations of unfair insurance practices, however, Defendants have failed to show that there is no reasonable possibility that Alsbrook could be found liable. In her state court petition, Jones asserts that Defendants' initial denial letter states that benefits were denied in part because Jones did not report her claim within thirty days. Jones alleges, however, that "[a] simple and unbiased investigation would have confirmed that Ms.

11

Jones'[s] supervisor actually completed a 'Greyhound Lines Inc. Supervisor's Report-Occupational Injury-Illness' on August 2, 2004, within 30 days of the date of her on-the-job injury." The parties ultimately agreed on June 1, 2006, that Jones did, in fact, suffer a compensable injury. Alsbrook also admits that she adjusted Jones's claim, and she is listed as the adjuster in Jones's initial denial letter. Moreover, Jones contends that Alsbrook's conduct was the cause-in-fact of her damages, alleging that the wrongful delay of payment for nearly two years "subjected [her] to significant economic impact, worry, distress, and continuing economic and physical damage." Thus, taking Jones's alleged facts as true, she may have a viable claim against Alsbrook for unfair insurance practices related to the investigation and handling of her claim.

It has been firmly established by the Fifth Circuit that fraudulent joinder cannot be found if "there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant." *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751; *see Melder*, 404 F.3d at 330; *Smallwood*, 385 F.3d at 573; *Hart*, 199 F.3d at 246; *Burden*, 60 F.3d at 216; *B., Inc.*, 663 F.2d at 550 & n.11. In this instance, while it has not been conclusively shown that Texas law would impose liability on Alsbrook in this situation, the court is unable to conclude that Jones cannot possibly recover against Alsbrook for violations of the Texas Insurance Code.[1] Hence, "[t]aking the plaintiff's allegations in this case to be true, [the court] cannot predict with absolute certainty that a Texas court would summarily dismiss the causes of action asserted against defendant [Alsbrook]." *B., Inc.*, 663 F.2d at 554.

---

[1] Because the court finds that Jones may be able to recover against Alsbrook for violations of the Insurance Code, it declines to consider whether Jones has also alleged actionable facts against Alsbrook for violations of the DTPA.

Under these circumstances, Defendants have not shown that there is "absolutely no possibility that [Jones] will be able to establish a cause of action against the in-state defendant." *Cavallini,* 44 F.3d at 259; *see Great Plains Trust Co.*, 313 F.3d at 312; *Hart*, 199 F.3d at 246; *Griggs*, 181 F.3d at 699; *Rodriguez*, 120 F.3d at 591; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751; *Burden*, 60 F.3d at 216. As a consequence, Defendants have failed to satisfy their heavy burden of proving fraudulent joinder. *See Travis*, 326 F.3d at 649-50; *Hart*, 199 F.3d at 246; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751; *Burden*, 60 F.3d at 217; *Green*, 707 F.2d at 205; *B., Inc.*, 663 F.2d at 550. Because the removing party has not adduced sufficient evidence to establish that Alsbrook was fraudulently joined, the shared citizenship of Jones and Alsbrook defeats diversity and prevents the court from exercising jurisdiction over this lawsuit. Accordingly, this action should be remanded to the state court in which it was originally filed.

III.    Conclusion

An evaluation of the relevant facts and controlling law reveals that the court lacks subject matter jurisdiction over Jones's action, as there is neither a federal question presented nor complete diversity of citizenship between the parties. Therefore, this case was improvidently removed, and remand is warranted. Consequently, the court finds that Plaintiff's Motion for Remand should be granted and this action should be remanded to the 60th Judicial District Court of Jefferson County, Texas.

Accordingly, Plaintiff's Motion for Remand is GRANTED.

SIGNED at Beaumont, Texas, this 21st day of December, 2006.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE